**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Quality Project Management LLC, | No. CV 06-3110-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| John C. Nalepa; Karen R. Nalepa, Project Management, LLC, | |
| Defendants. | |

Pending before this Court is Plaintiffs' Motion to Remand (Doc. #7) and Defendants' Motion to Dismiss or Transfer Venue (Doc. #6). The Court now rules on the motions.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Quality Projects Management, LLC ("Quality") is an Arizona company headquartered in Tempe, Arizona that manages and staffs construction and tenant improvement projects. No member of Quality is a Pennsylvania citizen. Defendants John and Karen Nalepa are citizens of Pennsylvania. John Nalepa is the sole member of 360 Project Management LLC.

Quality hired John Nalepa in 2004. At the time of his hire, Mr. Nalepa was working as an in-house remodel manager for Hope Depot at a store in Monroeville, Pennsylvania. Mr. Nalepa reviewed and signed his employment paperwork in Pennsylvania. The parties disagree about the extent of Mr. Nalepa's duties. Quality claims that it hired Mr. Nalepa to

development business and work on projects throughout the country. Mr. Nalepa claims Quality hired him to work primarily in Pennsylvania and surrounding states.

Mr. Nalepa worked for Quality from May 2004 until October 2006. During his employment with Plaintiff, Mr. Nalepa operated an office out of his home and managed client projects in several states. Mr. Nalepa claims Quality did not give him sufficient support or training. He further claims that Quality refused to make him a principal as it had promised. Mr. Nalepa therefore resigned.

Mr. Nalepa currently works for his own company. Quality filed this action in Arizona state court for breach of the duty of loyalty, misappropriation of trade secrets, unjust enrichment, and intentional interference with contract and business. Quality alleges that Mr. Nalepa has used Quality's propriety information to develop his business and has wrongfully interfered with Quality's clients and potential clients. Defendants removed the case to this District pursuant to 28 U.S.C. §§1141 & 1446(a) and moved to dismiss based on lack of personal jurisdiction or, in the alternative, to transfer venue. Quality moved to remand based on lack of diversity jurisdiction.

## II.    LEGAL STANDARD AND ANALYSIS

Pursuant to 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). The removal statute, 28 U.S.C. § 1441(a), provides, in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

Courts strictly construe the removal statute against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A "strong presumption" against removal exists, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (internal citations omitted). A district court's decision to

remand for lack of jurisdiction is unreviewable.  28 U.S.C. §1447(d); *Kircher v. Putnam Funds Trust*, 126 S.Ct. 2145, 2153-54 (2006); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001).

"In a removed case, . . . the plaintiff chose a state rather than federal forum. Because the plaintiff instituted the case in state court, 'there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court[.]'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)). "Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Singer*, 116 F.3d at 376 (internal citations omitted). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "[R]emoval 'cannot be based simply upon conclusory allegations' where the [complaint] is silent" as to the dollar amount of damages the plaintiff seeks. *Singer*, 116 F.3d at 377 (internal citations omitted).  To meet their burden, defendants should introduce summary-judgment-type evidence of the amount in controversy. *Id*.

The parties are completely diverse.  This Court therefore has removal jurisdiction if the amount in controversy exceeds $75,000.[1]  28 U.S.C. §§ 1332(a)(1) & § 1441(a).  Quality did not specify a particular amount of damages in its complaint.  Consequently, Defendants have the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirements.  *Singer*, 116 F.3d at 376.

Defendants attempt to meet their burden by pointing to Quality's certification in the state court that it seeks an award of more than $50,000, which includes punitive damages. They also note that Quality has asked for exemplary damages and attorneys' fees.  Both

---

[1] The Court does not have federal subject matter jurisdiction over any of the state law claims in this case.

1 attorneys' fees, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998), and 2 punitive damages, *Gibson*, 261 F.3d at 945, may be included in the amount in controversy. 3 Defendants cite to trade secret misappropriation cases and to an intentional interference with 4 contract case to argue that awards of punitive damages in those types of cases routinely reach 5 millions of dollars.

6 While the Court may consider Quality's certification that its case is worth more than 7 $50,000, *Ansley v. Metropolitan Life Ins.*, 215 F.R.D. 575, 578 (D. Ariz. 2003), that 8 certification is not dispositive. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117-18 (9th Cir. 9 2004) (remanding to district court for determination of whether the amount in controversy 10 met jurisdictional requirements where the plaintiff had requested a sum in excess of $50,000, 11 but the trial court had not addressed whether the amount in controversy exceeded $75,000). 12 Further, although Defendants cited to misappropriation and tortious interference cases with 13 large punitive awards, they made no attempt to compare the facts of those cases to the present 14 case. *See Burk v. Med. Savings Ins. Co.*, 348 F.Supp.2d 1063, 1069-70 (D. Ariz. 2004). 15 Defendants have made no showing that the facts in this case would support such a large 16 award. The mere possibility of significant punitive damages is insufficient to meet the 17 amount in controversy requirement. *Id.* at 1069.

18 The Court finds the Defendants have not met their burden of proving the amount in 19 controversy exceeds $75,000. Because Defendants failed to compare the facts of the cases 20 they cited to this case, we have only the possibility of attorneys' fees and punitive damages 21 and the arbitration certification, which the Court finds insufficient for a determination of 22 jurisdiction. The Court must reject jurisdiction if it has any doubt as to the right of removal. 23 *Gaus*, 980 F.2d at 566.

24 Defendants suggest that if the Court does not find it has jurisdiction, the Court should 25 allow limited discovery on the issue of jurisdiction. Where, as here, defendants will have an 26 adequate opportunity to do discovery at the state level, the Court does not have to allow 27 limited discovery. *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 691 (9th Cir. 2006). At oral 28 argument, the Court asked defense counsel to suggest a plan for abbreviated discovery on the

1  jurisdictional amount.  Based on counsel's answer, the Court does not have confidence that
2  the parties could conduct a sufficient amount of discovery in a short enough period of time.
3  The Court therefore declines to engage in discovery on the amount in controversy.
4      Because the Court finds it does not have jurisdiction over this case, it will not reach
5  Defendants' Motion to Dismiss (Doc. #7).
6      Accordingly,
7      IT IS ORDERED GRANTING Plaintiff's Motion to Remand (Doc. #7).
8      DATED this 21st day of May, 2007.

_____
James A. Teilborg
United States District Judge